# EXHIBIT A

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
08/02/2023
CT Log Number 544426458

## Service of Process Transmittal Summary

**TO:**   Viraj Telang
LYFT, INC.
185 BERRY ST STE 400
SAN FRANCISCO, CA 94107-1725

**RE:**   **Process Served in Massachusetts**

**FOR:**   Lyft, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DANIEL VERDIN // To: Lyft, Inc. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, First Amended Complaint and Jury Demand, First Set of Interrogatories, First Request |
| **COURT/AGENCY:** | Suffolk County Superior Court - Boston, MA<br>Case # 2307CV000347 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 08/29/2022 |
| **PROCESS SERVED ON:** | C T Corporation System, Boston, MA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/02/2023 at 10:46 |
| **JURISDICTION SERVED:** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days from the date the Summons was delivered (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Isabella M. Bua<br>MORGAN & MORGAN<br>155 Federal Street, 15th Floor<br>Boston, MA 02110<br>857- 383-4909 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/03/2023, Expected Purge Date: 08/08/2023 |
| | Image SOP |
| | Email Notification,  John Pellegrini  jpellegrini@lyft.com |
| | Email Notification,  Viraj Telang  virajt@lyft.com |
| | Email Notification,  Christopher Youngblood  cyoungblood@lyft.com |
| | Email Notification,  Eboni James  ebonijames@lyft.com |
| | Email Notification,  Ty Lim  legalbilling@lyft.com |
| | Email Notification,  Devin Armstrong  devina@lyft.com |
| | Email Notification,  Legal Sop  legal-sop@lyft.com |
| | Email Notification,  Zermani Kadiam  zkadiam@lyft.com |



**CT Corporation**
**Service of Process Notification**
08/02/2023
CT Log Number 544426458

**REGISTERED AGENT CONTACT:**    C T Corporation System
155 Federal Street
Suite 700
Boston, MA 02110
877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, Aug 2, 2023
**Server Name:**             Drop Service

| Entity Served | LYFT, INC. |
|---|---|
| Case Number | 2307CV000347 |
| Jurisdiction | MA |

| Inserts | | |
|---|---|---|
| | | |



# ⌈MORGAN & MORGAN⌉
## FORTHEPEOPLE.COM

155 Federal Street, 15th Floor
Boston, MA 02110
Tel. (857) 383-4909
Fax (857) 383-4934

Isabella M. Bua, Esq.
ibua@forthepeople.com

Paralegal: Jennifer Roper
jroper@forthepeople.com

August 2, 2023

**VIA SPECIAL PROCESS SERVER**
Lyft, Inc.
Care of: CT Corporations
155 Federal Street, Suite 700
Boston, MA 02110

RE:    **Service Upon Lyft, Inc.**
        *Daniel Verdin v. Lyft Inc., et al.*
        **BMC Dorchester Division Court Case No. 2307CV000347**

To Whom It May Concern:

Enclosed, please find the following with regard to the above captioned matter:

1.      Summons;

2.      Complaint;

3.      First Set of Interrogatories to Defendant, Lyft, Inc., and

4.      First Request for Production of Documents to Defendant, Lyft, Inc.

Should you have any questions or concerns, please feel free to contact me.

Very Truly Yours,

Isabella M. Bua

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

TRIAL COURT OF THE COMMONWEALTH
BOSTON MUNICIPAL COURT DEPARTMENT
DORCHESTER DIVISION

CIVIL NO. 2307 CV000347

Daniel Verdin
**PLAINTIFF (S),**

SUMMONS

V.

Lyft, Inc., and Genli Pimental Eusebio
**DEFENDANT(S)**

*THIS SUMMONS IS DIRECTED TO:* Lyft, Inc.
(Defendant's name)

1. *This Notice is to inform you that you are being sued.* The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Dorchester Division of the Boston Municipal Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a Court Order requiring you to pay money or provide other relief.

2. *You must respond within 20 days to protect your rights.* In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an **"ANSWER"** to both the "Clerk's Office for Civil Business, Boston Municipal Court Department, Dorchester Division, 510 Washington Street, Dorchester, Ma. 02124" and to the individual below.

Isabella M. Bug
(Name of Plaintiff or Plaintiff's Attorney)
at Morgan & Morgan
155 Federal St., 15th Fl
Boston, MA 02110

Your Answer must be delivered or mailed within **20 days from the date the Summons was delivered to you.** If you need more time to respond, you may request an extension of time in writing from the Court.

3. *Your Answer must respond to each claim made by the Plaintiff.* Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You must also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a Jury, you must specifically request a Jury Trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. *You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.* If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a Motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing. You will get an impartial hearing by a Judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's Lawyer), you should still your Answer within 20 days. Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. Legal Assistance: You may wish to get legal help from a lawyer. If you cannot get legal help, you must still provide a written Answer to protect your rights or you may loose the case. You may also obtain information at www.mass.gov/courts/selfhelp.

7. You can also sue the Plaintiff. If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, you may loose your ability to sue the Plaintiff about anything related to this lawsuit.

8. You or your Attorney must attend all court hearings. If you send your Answer to the Court and the Plaintiff, you will protect your rights. The court will send you a notice telling you the date, time, and place of an impartial hearing before a Judge. The Judge will hear both sides of any arguments and schedule any additional hearings.

9. The Civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness _Jonathan R. June_ First Justice on _____, 20____

(SEAL)

_Anthony S. Owens_

Anthony S. Owens, Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the Summons before it is served on the Defendant.

## RETURN OF SERVICE

On_____I served a copy of the within Summons, together with a copy of the Complaint in this action, upon the within named defendant, in the following manner (see Rule4(d) (1-5) @ _____ AM/PM

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

BOSTON MUNICIPAL COURT
DORCHESTER DIVISION
C.A. NO.: 2307CV000347

DANIEL VERDIN,                     )
                                   )
          Plaintiff,               )
                                   )
v.                                 )          COMPLAINT
                                   )
LYFT, INC., AND                    )
GENLI PIMENTEL EUSEBIO             )
                                   )
          Defendants.              )
                                   )

## FIRST AMENDED COMPLAINT AND JURY DEMAND

### PARTIES

1.   The Plaintiff, Daniel Verdin, is an individual residing in Dorchester, Suffolk County, Commonwealth of Massachusetts.

2.   The Defendant, Lyft, Inc., is a foreign Limited Liability Company, with a principal place of business located at 185 Berry Street, Suite 400, San Francisco, San Francisco County, State of California. Lyft, Inc., has a registered agent, CT Corporation Systems, located at 155 Federal Street, Suite 700, Boston, Suffolk County, Commonwealth of Massachusetts.

3.   The Defendant, Genli Pimentel Eusebio, resides at 71 Niagara Street, Providence, Providence County, State of Rhode Island.

### COUNT I – NEGLIGENCE

### *Daniel Verdin v. All Defendants*

4.   The Plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 3 of this Complaint.

5.   On or about August 29, 2022, the Plaintiff ordered a Lyft ride operated by Defendant, Genli Pimentel Eusebio from 44 Thomson Place, South Boston, Massachusetts.

6.   As the Plaintiff entered the vehicle, the Defendant, Genli Pimentel Eusebio, took the vehicle out of park and accelerated, running over the Plaintiff's foot.

1

7.   The Defendant, Genli Pimentel Eusebio, failed to adhere to basic safety rules and recklessly handled their vehicle.

8.   At the same time and place, Defendant Genli Pimentel Eusebio, was operating a vehicle as an employee, agent, and/or contractor for Lyft, Inc.

9.   As a result of the negligence of the Defendants, the Plaintiff sustained injuries of mind and body, loss of earning capacity, and incurred expenses for medical care and attendance.

WHEREFORE, the Plaintiff, Daniel Verdin, demands judgment against the Defendants, plus interest and costs of this action.

## COUNT II – NEGLIGENCE

### *Daniel Verdin v. Lyft, Inc.*

10.   The Plaintiff repeats, realleges, and incorporates by reference as set forth hereto in their entirety Paragraphs 1 through 9 of this Complaint.

11.   At all times material hereto, the Defendant, Lyft, Inc., through their principals, agents, servants, employees, and/or representatives, were negligent and careless as to the Plaintiff in one or more of the following ways:

    a.   in failing to properly supervise, manage, instruct, or advise their representatives.

    b.   in failing to comply with the applicable governmental driving regulations and regulations to maintain safe driving conditions.

    c.   in other ways not yet known to the Plaintiff but that might be discovered as the case progresses.

12.   The Defendant, Lyft, Inc., acts and/or omissions constitute a breach of the duty of care owed to the Plaintiff.

13.   As a direct and proximate result of Lyft, Inc.'s breach of the duty of due care, and of Defendant's negligence and carelessness, the Plaintiff has suffered, and continues to suffer, bodily injury along with other compensable harms and losses.

14.   As a result of the negligence of Lyft, Inc., the Plaintiff sustained injuries of body and mind, incurred expenses for medical care and attendance, and his car was damaged.

WHEREFORE, the Plaintiff, Daniel Verdin, demands judgment against the Defendant, plus interest and costs of this action.

## COUNT III – NEGLIGENCE (RESPONDEAT SUPERIOR)

### *Daniel Verdin v. Lyft, Inc.*

15.   The Plaintiff repeats, realleges, and incorporates by reference as set forth hereto in their entirety Paragraphs 1 through 14 of this Complaint.

2

16.  The Defendant, Lyft Inc., was, at the time of the above-referenced accident, the employer of the Defendant, Genli Pimentel Eusebio.

17.  The Defendant, Genli Pimentel Eusebio, was in the course of his employment for Lyft, Inc., at the time of the collision described in Paragraph 4 above.

18.  The Defendant, Lyft, Inc., is liable for the negligence committed by Genli Pimentel Eusebio, while Genli Pimentel Eusebio, was in the course of his employment.

WHEREFORE, the Plaintiff, Daniel Verdin, demands judgment against the Defendant, plus interest and costs of this action.

### COUNT IV – NEGLIGENCE – Mass. Gen. Laws ch. 231, §85A

### *Daniel Verdin v. Lyft, Inc.*

19.  The Plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirely Paragraphs 1 through 18 of this Complaint.

20.  At the time of the accident described herein, the motor vehicle operated by the Defendant, Genli Pimentel Eusebio, was then being operated by and under the control of a person for whose conduct the Defendant, Lyft, Inc., was legally responsible, pursuant to Mass. Gen. Laws ch. 231, §85A.

WHEREFORE, the Plaintiff, Daniel Verdin, demands judgment against the Defendant, plus interest and costs of this action.

### THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

3

Respectfully Submitted,
The Plaintiff,
DANIEL VERDIN,

By his attorneys,

MORGAN & MORGAN,

Isabella M. Bua, BBO# 710794
155 Federal Street, 15th Floor
Boston, MA 02110
(857) 383-4909
ibua@forthepeople.com

Dated: July 31, 2023

4

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                     BOSTON MUNICIPAL COURT
                                                DORCHESTER DIVISION
                                                C.A. NO.: 2307CV000347

_____
                                )
DANIEL VERDIN,                  )
                                )
           Plaintiff,           )
                                )
v.                              )
                                )
LYFT, INC., AND                 )
GENLI PIMENTEL EUSEBIO          )
                                )
           Defendants.          )
_____)

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO THE DEFENDANT, LYFT, INC.

Plaintiff, pursuant to Rules 26 and 33 of the Massachusetts Rules of Civil Procedure and the Definitions set forth below, propounds his first set of the Interrogatories upon Defendant, Lyft, Inc., who shall serve written answers under oath upon Plaintiff's attorneys, Morgan & Morgan, 155 Federal Street, Floor 15, Boston, Massachusetts 02110, within forty-five (45) days from the date of receipt hereof.

### INSTRUCTIONS AND DEFINITIONS

In answering these Interrogatories, you are required to furnish all information that is available to you, including that which can be learned through your reasonable inquiry. This also includes non-privileged information in the possession of your attorney(s), consultants, experts, investigators, agents, or other persons acting on your behalf.

If any of these Interrogatories cannot be answered in full, please answer to the extent possible and specify the reason for your inability to answer the remainder. The Interrogatories are continuing, and answers thereto must be supplemented by you to the maximum extent required by the Massachusetts General Laws and Rules of Civil Procedure.

These definitions form an integral part of the discovery request which follows. Wherever any of the following terms is used in the Interrogatories, the term shall have the following meaning:

A. "DOCUMENT" is meant to include any written graphic, photographic, video or sound-recorded information, notice or material, whether originals or copies. It includes, but is not limited to, all writings or other recorded or graphic matter, of any nature or kind whatsoever, including, without limitation, any correspondence, letters, cables, telegrams,

or other communications, personal or office diaries, journals, travel records, expense account records, ledgers, accounts, books, office or personal and/or type-written memoranda or notes, telephone records or logs or bills or memoranda, bank statements or other bank records, cancelled checks or check stubs, receipts, notes, notations, memoranda, file cards, tape recordings, tapes, computer input or output, data storage, including but not limited to, floppy disk, magnetic tapes, data cartridges, or CD-ROM disks, photographs, charts, listings, schedules, graphs, forms, data, compilations, worksheets, invoices, bills, contacts, agreements, forms, memorials, information, plans, specifications, periodicals, pamphlets, reports records, studies, and other written, recorded (sound or video), transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced. "DOCUMENTS" also means drafts and non-identical copies of any of the foregoing.

B.  "THE PLAINTIFF" shall mean the Plaintiff as indicated in the caption to this action.

C.  "DEFENDANT", "YOU" or "YOUR" shall mean Lyft, Inc., the Defendant in this action.

D.  "RELATING TO" "CONCERNING" and "REFERRING TO" shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or regarding.

E.  "THE COLLISION" shall mean the motor vehicle crash that occurred on August 29, 2022, as alleged in the complaint.

F.  "IDENTIFY" shall mean:

    a.  with respect to persons, state the full name, residential address, business address, date of birth, social security number, occupation, employer, job title and job description of the person;

    b.  with respect to documents, specify the date of preparation, identify the person(s) who prepared of, and in each instance, explain the circumstances surrounding and authorization of the document or caused it to be prepared, identify the person(s) to whom the document was directed or communicated, describe the document in a way that distinguishes it from all other documents (e.g., letter, memorandum, telegram, chart, photograph, sound reproduction, etc. and describe in detail its contents; if any such document was, but is no longer in your possession or subject to your control, or is no longer in existence, state whether it is (i.) missing or lost, (ii.) has been destroyed, (iii.) has been transferred voluntarily or involuntarily to others and if so, to whom, or (iv.) otherwise disposed for such disposition thereof and state the date or approximate date thereof; and

    c.  with respect to companies, state the company's full legal name and the business address of its principal place of business. If the company is a corporation, specify the date and state of its incorporation If the company is a partnership,

identify the partners. If it is neither a corporation nor a partnership identify the principal(s) of the company.

G. "COMMUNICATION" shall mean any words or gestures communicated by any means whether written, oral, or nonverbal, in person, telephonic, email or any other medium used to communicate words.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State the name and address of the person or persons answering these interrogatories, his/her relationship to Defendant and his/her current position of employment.

### INTERROGATORY NO. 2:

Please provide the name and address of the Lyft, Inc. employee who was operating the vehicle which contributed to the Collision at the time of the incident described in Plaintiff's Complaint.

### INTERROGATORY NO. 3:

Please provide the name and addresses of each and every Lyft, Inc. employee who operated the vehicle which contributed to the Collision.

### INTERROGATORY NO. 4:

Please provide the following information pertaining to the vehicle involved in the Collision:

a. The registration number of the vehicle, giving State, number and year of registration;

b. The full name, address, date of birth and tax identification number and social security number of the owner of said vehicles;

c. The full name, address, and date of birth of the authorized operators of said vehicles;

d. The make, model, color and year of the vehicles you owned on the date and time alleged in the Plaintiff's Complaint; and,

e. Whether the person stated in response to Interrogatory No. 2 was operating the vehicle(s) involved in the subject incident in the course of his employment on the date and time alleged in the Plaintiff's Complaint.

### INTERROGATORY NO. 5:

State the time of the Collision as accurately as you can, giving year, month, day, hour and minute.

3

**INTERROGATORY NO. 6:**

Describe as carefully as possible the location of the Collision, giving the names of streets, city and state, and identifying the location where the incident occurred.

**INTERROGATORY NO. 7:**

State as accurately as you can your understanding of how the Collision occurred.

**INTERROGATORY NO. 8:**

Please state any disciplinary action taken by Lyft, Inc. against the operator of the vehicle which contributed to the Collision as alleged in the Plaintiff's Complaint relative to the events described in Plaintiff's Complaint.

**INTERROGATORY NO. 9:**

Describe as carefully as possible the substance of any and all conversations between the Plaintiff and the operator of the vehicle which contributed to the Collision alleged in Plaintiff's Complaint.

**INTERROGATORY NO. 10:**

Please state the name, home address and business address of every person whom you or your attorney intends to call as an expert witness at the trial of this action.

**INTERROGATORY NO. 11:**

Please state with respect to each such expert:

a.   the subject matter on which he/she is expected to testify;
b.   the substance of the facts and opinions to which he/she is expected to testify; and
c.   a summary of the grounds for each such opinion.

**INTERROGATORY NO. 12:**

Please identify any individual of whom you are aware who has personal knowledge of the facts and circumstances of this case, including eyewitnesses, people claiming to be eyewitnesses and any individuals who arrived on the scene within five (5) hours after the occurrence, and the nature of your relationship to each person.

**INTERROGATORY NO. 13:**

For each person referenced in answer to interrogatory 12, please provide a summary of the knowledge each person's knowledge concerning the incident referenced in Plaintiff's Complaint.

**INTERROGATORY NO. 14:**

If the operator of the vehicle which contributed to the Collision as alleged in the Plaintiff's Complaint has ever given a written or oral statement, signed or otherwise, concerning this incident, please identify:

a.   the name of each person to whom such a statement was given;
b.   the date that each such statement was given; and,
c.   the person, by name and address, who has custody of each such statement.

**INTERROGATORY NO. 15:**

Please list the name(s) address(es), telephone number, and occupation of any and all witnesses you intend to call at the trial of this matter. Please state with respect to each such witness:

a.   the subject matter on which he/she is expected to testify; and,
b.   the substance of the facts and opinions to which he/she is expected to testify.

**INTERROGATORY NO. 16:**

Please state if the operator of the vehicle which contributed to the Collision, as alleged in the Plaintiff's Complaint, had been involved in any prior or subsequent motor vehicle accidents or incidents involving passenger injury while employed by the Defendant.

**INTERROGATORY NO. 17:**

If your answer to Interrogatory No. 16 is in the affirmative, please state the details of each occurrence by stating, the date, time, location and a brief description of how the incident occurred.

**INTERROGATORY NO. 18:**

If you contend that factors other than your negligence caused the incident as alleged in Plaintiff's Complaint, please state, with specificity, the factors that you allege caused the incident.

**INTERROGATORY NO. 19:**

Please state if the operator of the vehicle which contributed to the Collision as alleged in the Plaintiff's Complaint consumed any drugs (illicit or otherwise) or alcohol in the twenty-four (24) hours prior to the incident described in Plaintiff's Complaint.  If your answer is in the affirmative, please state the amounts and precise time(s) consumed.

**INTERROGATORY NO. 20:**

If anyone investigated this matter for you, including medical experts, private investigators or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings. If said investigator obtained any signed, recorded, transcribed or oral statement from any individual, identify the person who gave the statement and the present custodian of such statement.

**INTERROGATORY NO. 21:**

What, if any, background information did you obtain, or attempt to obtain, regarding operator of the vehicle which contributed to the Collision, as alleged in the Plaintiff's Complaint, regarding driving history and/or safety record prior to engaging his services or allowing him to use your vehicle?

**INTERROGATORY NO. 22:**

Describe all training that Defendant provides or requires for its drivers/operators, and include in your answer any procedure, while identifying any training or safety manuals provided to employees, and what manner they are provided in.

**INTERROGATORY NO. 23:**

Please indicate when the operator of the vehicle which contributed to the Collision, as alleged in the Plaintiff's Complaint, last attended training of any kind, by the Defendant, Lyft, Inc. Please provide dates and the nature of such training.

**INTERROGAORY NO. 24:**

Kindly state if the Defendant provides a manual and/or materials of any kind to its employees regarding the Rules for Operators and other vehicles drivers. If in the affirmative, please include in your answer, the date said manual/materials were last updated.

**INTERROGATORY NO. 25:**

Please identify all persons who you claim were negligent or contributed to the cause of the collision, by stating their name(s) and address(es) and the manner in which they contributed to the cause of the Collision.

**INTERROGATORY NO. 26:**

Please state where the vehicle operator was coming from and going to at the time of the Collision, including the address of the departure and the intended destination.

**INTERROGATORY NO. 27:**

Please identify all violations, citations, warnings, and license suspensions or revocations issued to the operator of the vehicle which contributed to the Collision, as alleged in Plaintiff's Complaint, in the three (3) years prior this collision until present day, including but not limited to the reasons for such violations, citations, warnings, and license suspensions or revocations.

**INTERROGATORY NO. 28:**

Please identify each and every instance, in the three (3) years prior this collision until present day, in which the operator of the vehicle which contributed to the Collision, as alleged in Plaintiff's Complaint, was disciplined by Lyft, Inc.

**INTERROGATORY NO. 29:**

Please describe fully the nature and extent of any communication, in the moment immediately preceding the Collision, between the operator of the vehicle which contributed to the Collision, as alleged in Plaintiff's complaint, and any third party.

Respectfully submitted,

The Plaintiff,
DANIEL VERDIN,

By his Attorneys,

MORGAN & MORGAN,

Isabella M. Bua, BBO# 710794
155 Federal Street, 15th Floor
Boston, MA 02110
(857) 383-4909
ibua@forthepeople.com

Dated: August 1, 2023

7

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                          BOSTON MUNICIPAL COURT
                                                     DORCHESTER DIVISION
                                                     C.A. NO.: 2307CV000347

_____
                                )
DANIEL VERDIN,                  )
                                )
            Plaintiff,          )
                                )
v.                              )
                                )
LYFT, INC., AND                 )
GENLI PIMENTEL EUSEBIO          )
                                )
            Defendants.         )
_____)

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT, LYFT, INC.

Pursuant to Rules 26 and 34 of the Massachusetts Rules of Civil Procedure and the Definitions set forth below, Plaintiff, by and through his attorneys, Morgan & Morgan, request that Defendant, Lyft, Inc. produce or permit Plaintiff to inspect and copy the following Documents that Defendant or any parent/subsidiary, agent, servant, employee, representative, or attorney of Defendant may have in their possession, custody or control within thirty (30) days of the date of service at the office of Morgan & Morgan, 155 Federal Street, Floor 15, Boston, Massachusetts 02110.

Pursuant to Rule 26 of the Massachusetts Rules of Civil Procedure, these First Requests for Production of Documents are to be deemed continuing and the responses hereto are to be supplemented promptly upon the acquisition of further or additional Documents or information.

This Request encompasses not only the items in the Defendant's possession, but also those within the possession, custody and/or control of any agent, officer, servant, employee, attorney, or other representative of the Defendant. Each item produced is to be produced with a notation indicating the request to which it responds.

## DEFINITIONS

These definitions form an integral part of the discovery request which follows. Wherever any of the following terms is used in the Request, the term shall have the following meaning:

A. "DOCUMENT" is meant to include any written graphic, photographic, video or sound-recorded information, notice or material, whether originals or copies. It includes, but is not limited to, all writings or other recorded or graphic matter, of any nature or kind

whatsoever, including, without limitation, any correspondence, letters, cables, telegrams, or other communications, personal or office diaries, journals, travel records, expense account records, ledgers, accounts, books, office or personal and/or type-written memoranda or notes, telephone records or logs or bills or memoranda, bank statements or other bank records, cancelled checks or check stubs, receipts, notes, notations, memoranda, file cards, tape recordings, tapes, computer input or output, data storage, including but not limited to, floppy disk, magnetic tapes, data cartridges, or CD-ROM disks, photographs, charts, listings, schedules, graphs, forms, data, compilations, worksheets, invoices, bills, contacts, agreements, forms, memorials, information, plans, specifications, periodicals, pamphlets, reports records, studies, and other written, recorded (sound or video), transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced. "DOCUMENTS" also means drafts and non-identical copies of any of the foregoing.

B.  "THE PLAINTIFF" shall mean the Plaintiff as set forth in the caption to this matter.

C.  "DEFENDANT", "YOU" or "YOUR" shall mean Lyft, Inc., the Defendant in this action.

D.  "RELATING TO" "CONCERNING" and "REFERRING TO" shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or regarding.

E.  "THE COLLISION" shall mean the motor vehicle crash that occurred on August 29, 2022, as alleged in the complaint.

F.  "IDENTIFY" shall mean:

    a.  with respect to persons, state the full name, residential address, business address, date of birth, social security number, occupation, employer, job title and job description of the person;

    b.  with respect to documents, specify the date of preparation, identify the person(s) who prepared of, and in each instance, explain the circumstances surrounding and authorization of the document or caused it to be prepared, identify the person(s) to whom the document was directed or communicated, describe the document in a way that distinguishes it from all other documents (e.g., letter, memorandum, telegram, chart, photograph, sound reproduction, etc. and describe in detail its contents; if any such document was, but is no longer in your possession or subject to your control, or is no longer in existence, state whether it is (i.) missing or lost, (ii.) has been destroyed, (iii.) has been transferred voluntarily or involuntarily to others and if so, to whom, or (iv.) otherwise disposed for such disposition thereof and state the date or approximate date thereof; and

    c.  with respect to companies, state the company's full legal name and the business address of its principal place of business. If the company is a corporation, specify the date and state of its incorporation If the company is a partnership,

identify the partners. If it is neither a corporation nor a partnership identify the principal(s) of the company.

G. "COMMUNICATION" shall mean any words communicated by any means whether written or oral, in person, telephonic, email or any other medium used to communicate words.

## REQUESTS

### REQUEST NO. 1:

Copies of all reports of operators filed and/or completed concerning the incident for which this action has been brought.

### REQUEST NO. 2:

Copies of all photographs in the possession, custody or control of the Defendant, its agents and/or people acting on its behalf, which show and/or purport to show the scene of the alleged incident.

### REQUEST NO. 3:

Copies of any and all witness statements, signed or unsigned, written, oral or transcribed.

### REQUEST NO. 4:

Copies of any and all statements, signed, or unsigned, written, oral or transcribed, which were taken or given by the Plaintiff, the agent, servant or employee of the Plaintiff, concerning the incident referred to in the Complaint.

### REQUEST NO. 5:

Copies of all photographs, videotapes or any compilation of moving or nonmoving images in the possession, custody and/or control of the said Defendant, its agents and/or people acting behalf, whether such statements be signed or unsigned, written, oral or transcribed.

### REQUEST NO. 6:

Copies of all photographs, videotapes or any compilation of moving or nonmoving images in the possession, custody, or control of the Defendant, its agents and/or people acting on its behalf, which shows and/or purport to show the nature of the Plaintiff's injuries or damages.

### REQUEST NO. 7:

All sketches, diagrams, schematics, regardless of point of origin or source that may relate directly or indirectly to any aspect of the incident referred to in the Complaint.

**REQUEST NO. 8:**

Copies of any and all written communications, signed or unsigned, between the Plaintiff and the Defendant, its agents and/or people acting on its behalf.

**REQUEST NO. 9:**

Copies of any and all reports filed and/or completed concerning this incident by any governmental agency, whether the same be Federal, State, or local, which are in the possession of the Defendant, its agents and/or people acting on its behalf.

**REQUEST NO. 10:**

Copies of any and all reports of experts in the possession, custody, and/or control of the said Defendant, its agents and/or people acting on its behalf, that may in any way relate to this incident.

**REQUEST NO. 11:**

Copies of any and all reports filed with or completed by the Defendant, its agents and/or people acting on his behalf, concerning this incident with any government agency, whether the same be Federal, State or local, that are in the possession, custody and/or control of the Defendant, its agents and/or people acting on her behalf.

**REQUEST NO. 12:**

Copies of all reports made by the Defendant to the Defendant's insurance carriers or agents concerning the incident for which this Complaint has been brought.

**REQUEST NO. 13:**

The insurance policy or policies that afford the Defendant coverage or protection on this claim, including coverage selection sheet (please include all policies and coverage selection sheets for all vehicles owned and/or operated by the Defendant on the same date alleged in this Plaintiff's Complaint).

**REQUEST NO. 14:**

The non-privileged portions of the insurance claim file relating to the within incident. To those parts on which privilege is claimed, please see above instructions.

**REQUEST NO. 15:**

Copies of all medical information obtained by or on behalf of the Defendant relating to each Plaintiff that was obtained or will be obtained as a result of the investigation of this case.

**REQUEST NO. 16:**

Photocopies of the registration of the vehicle involved in the incident on the date Plaintiff alleges said incident occurred.

**REQUEST NO. 17:**

Photocopies of both sides of the driver's license of the driver involved in the incident issued by any State, Federal and local government (including governmental agencies) and private incident.

**REQUEST NO. 18:**

Photocopies of all citations issued by any law enforcement agency to the Defendant relative to this incident.

**REQUEST NO. 19:**

Any and all photographs depicting the condition any other vehicle or object involved in the incident alleged in the Plaintiff's Complaint:
          a.  Prior to the incident in question; and,
          b.  After the incident in question.

**REQUEST NO. 20:**

Any and all photographs depicting the condition of the Defendant's vehicle:

          a.  Prior to the incident in question, and,
          b.  After the incident in question.

**REQUEST NO. 21:**

Any and all bills, estimates, invoices, reports and/or statements regarding damages or repairs to the defendant's vehicle(s).

**REQUEST NO. 22:**

Any and all documents and or things tangible that the Defendant plans to introduce in evidence.

**REQUEST NO. 23:**

Any and all training manuals, guides, compilations of information provided to the operator of the Defendant's motor vehicle in the incident described in the Plaintiff's Complaint, pertaining to the operation of the Defendant's vehicle(s).

**REQUEST NO. 24:**

Any and all employment records, including, but not limited to disciplinary records, attendance records, drug testing records, and driving record(s) of the operator of the Defendant's motor vehicle in the incident described in Plaintiff's Complaint, from the date his employment with VPNE commenced to present.

**REQUEST NO. 25:**

A true and accurate copy of the data obtained through the "black box" data recorder contained in the defendant's vehicle at the time of the collision.

**REQUEST NO. 26:**

Copies of any and all written statements, signed or unsigned, and/or copies of any and all verbatim written transcripts of any and all statements of any and all witnesses to the collision, whether taken on a recording device or not, which are in the possession, custody or control of the Defendant, Defendant's Insurance Company or Defendant's attorney.

**REQUEST NO. 27:**

All letters and statements, of any kind whatsoever, in the possession, custody or control of the Defendant, its agent(s), servant(s), employee(s), and/or Defendant's Insurance Company, which notified any Defendant of the collision alleged in the Plaintiff's Complaint.

**REQUEST NO. 28:**

Copies of all medical records and medical bills generated by any hospital, medical provider, physical therapist, or other health care provider which concern any injuries suffered by the Plaintiff as a result of the collision alleged in the Plaintiff's Complaint.

**REQUEST NO. 29:**

All correspondence, either in electronic form or otherwise, between the Defendant, and/or its non-attorney representatives and any third party concerning any aspect of the Plaintiff's collision as its subject matter.

**REQUEST NO. 30:**

Copies of any and all citations, including but not limited to motor vehicle violations that the operator, as described in the Plaintiff's Complaint, received at any time in the five (5) years prior to the incident or at any time subsequent to the incident alleged in the Plaintiff's Complaint.

**REQUEST NO. 31:**

All correspondence between the Plaintiff, and any insurance companies involved in this case, or between the Plaintiff's representatives and the insurance companies involved in this case from the date of the collision to the present time, with the exception of privileged correspondence.

**REQUEST NO. 32:**

Copies of any and all communications, documents and/or statements made by any of the parties or anyone acting on their behalf to any person or entity regarding any of the events or happenings referred to in the complaint, with the exception of privileged communications.

**REQUEST NO. 33:**

All memoranda, reports, statements, correspondence and diary notations which set forth in any manner a description of events which took place immediately prior to, during, and after the incident here in question.

**REQUEST NO. 34:**

Copies of any training materials provided to Defendant's employees and/or operators.

**REQUEST NO. 35:**

Documents responsive to any Keeper of Records subpoenas and/or deposition notices for this matter.

Respectfully submitted,

The Plaintiff,
DANIEL VERDIN,

By his Attorneys,

MORGAN & MORGAN,

Isabella M. Bua, BBO# 710794
155 Federal Street, 15th Floor
Boston, MA 02110
(857) 383-4909
ibua@forthepeople.com

Dated: <u>August 1, 2023</u>